## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WIDALLYS RIVERA-QUIÑONES**, *et al.*, <br><br>    Plaintiffs, <br><br>    v. <br><br> **DEPARTAMET OF EDUCATION OF PUERTO RICO**, *et al.*, <br><br>    Defendants. | Civil No. 16-2171 (BJM) |

### OPINION AND ORDER

Widallys Rivera-Quiñones ("Rivera"), personally and on behalf of her minor child A.V.R. ("plaintiffs"), sued the Department of Education of Puerto Rico ("DOE") for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, and the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13. Docket No. 2 ("Compl."). The parties have resolved the IDEA claims by stipulation. Docket No. 38. The DOE moved to dismiss the ADA and Puerto Rico Civil Rights act claims for failure to cause of action and lack of subject matter jurisdiction, Docket No. 15, and plaintiffs opposed. Docket No. 20. The case is before me on consent of the parties. Docket No. 37. For the reasons set forth below, the motion is **granted in part and denied in part**.

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)). Where the movant challenges the plaintiff's assertion of subject matter jurisdiction solely on the pleadings, the court takes the complaint's jurisdictionally significant facts as true

and assesses "whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001).

Dismissal under Rule 12(b)(6) is inappropriate if the complaint provides "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ocasio-Hernandez v. Fornuno-Burset*, 640 F.3d 1, 11 (1st Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). "A short and plain statement needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 12 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requires that the complaint contain sufficient facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 557).

In this case, the DOE alleges that the complaint fails to state a claim under Titles II and III of the ADA, so this motion will be evaluated under Rule 12(b)(6) rather than 12(b)(1). *See Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974); *see also Primax Recoveries v. Gunter*, 433 F.3d 515, 517 (6th Cir. 2006) ("a federal court has subject-matter jurisdiction, even if the plaintiff is unable to state a claim upon which relief can be granted").

### BACKGROUND[1]

A.V.R. is a minor with disabilities who is registered with the DOE. Compl. ¶¶ 1, 35. She has been diagnosed with spina bifida, hydrocephalus, and cerebral palsy. *Id.* at ¶¶ 1, 34. As a result of her conditions, she is very limited or "unable to engage in the major life activity of walking and requires a wheelchair to move." *Id.*

---

[1] These facts are drawn from the allegations pleaded in the complaint, and are assumed true for the purposes of this motion. Docket No. 2.

A.V.R. is a student at the Mariano Feliu Balseiro School ("MFBS"). *Id.* at ¶ 2. As part of A.V.R.'s education, she takes classes in an independent living classroom and an industrial classroom. *Id.* at ¶ 38. Rivera has filed several administrative and judicial complaints claiming that the DOE has failed to provide A.V.R. with access to the facilities and equipment at MFBS. *Id.* at ¶ 15.

Specifically, Rivera alleges that MFBS has violated the ADA because: (1) the parking spaces are insufficiently accessible; (2) the parking spaces are not adequately reserved for people with disabilities; (3) the parking spaces "do not have an accessible aisle of proper width"; (4) the parking spaces designated for disabled people are not located "on the shortest accessible route of travel from adjacent parking to an accessible entrance"; (5) the ramps in the property do not comply with the slope requirements; (6) the accessible path provided is not near the designated parking spaces and is cracked, unusable, and unleveled; (7) there is no accessible path of travel to the basketball court of MFBS; (8) the facility floors are "non-compliant floor and ground surfaces"; (9) the main classroom is not wheelchair accessible; (10) the restrooms are non-complaint; (11) the personnel are not "properly trained in emergency evacuation" for students with disabilities; and (12) the library personnel are not properly trained in "special assistance" for the public and students with disabilities. *Id.* ¶ 7. Additionally, Rivera argues that A.V.R. has also been discriminated under the Puerto Rico Civil Rights Act due to these failures to comply with ADA requirements.

## DISCUSSION

The complaint alleges that the DOE violated Titles II and III of the ADA, as well as the Puerto Rico Civil Rights Act. The DOE has moved to dismiss all of these claims.

**I.      Title II**

Rivera contends the DOE violated Title II of the ADA by discriminating against A.V.R. based on her disability. Plaintiffs allege MFBS has "architectural barriers that

impede [A.V.R.] from having full and equal access to [the] facility and services [MFBS] provides." Docket No. 20. Rivera argues that A.V.R. is a qualified individual with a disability by alleging that A.V.R. has been diagnosed with spina bifia, hydrocephalia, and cerebral palsy, which confines her to a wheelchair and limits her movement. *See* 42 U.S.C. § 1231. She also alleges that the DOE falls under the public entity definition of the ADA. *Id*. The DOE does not contest that it is a public entity under the ADA or that A.V.R. is a qualified individual. The DOE argues, however, that the complaint lacks an allegation of A.V.R. being discriminated "by reason of" her disability when seeking MFBS's services.

"To state a claim for a violation of Title II, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability." *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006). Title II imposes an affirmative obligation on public entities to make their programs accessible to qualified individuals with disabilities. *See Parker v. Univ. of P.R.*, 225 F.3d 1, 5 (1st Cir. 2000) (citing 28 C.F.R. § 35.150).

Rivera alleges there are various structural and personnel deficiencies at MFBS that have caused A.V.R. to struggle when moving around the school. For example, the complaint states that A.V.R.'s main classroom is not wheelchair accessible. *Id.* ¶ 7. The First Circuit has noted when addressing the accessibility of an existing facility that ADA regulations "give high priority to mobility for persons in wheelchairs." *Parker*, 225 F.3d at 6.

In *Parker*, plaintiff was attending a social event at the University of Puerto Rico's Botanical Garden and found it very difficult to gain access to the Monet Garden due to the university's failure to have an accessible path for disabled people in a wheelchair. *Id*. at 6. The First Circuit held that, because the garden served as a venue for group events, the university had a duty to make the garden "readily accessible" to and "usable" by individuals with disabilities. *Id*. at 6. Additionally, the court stated that the university had to provide "at least one route that a person in a wheelchair [could] use to reach the" garden, absent a defense that excused the deficiency. *Id*. at 7. As a result, the court concluded it was self-evident that Parker's inability to utilize his wheelchair was discrimination "by reason of" his disability. *Id.*

As in *Parker*, A.V.R.'s main classroom serves as a venue for daily group events of academic learning. Thus, because it is alleged that A.V.R.'s classroom is not wheelchair accessible, the complaint alleges a plausible ADA claim. . *See Marradi v. K&W Realty Inv. LLC.*, No. CV 16-10038-LTS, 2016 WL 5024198, at *3 (D. Mass. Sept. 15, 2016) (quoting *Marradi v. K&W Realty Inv. LLC*, No. CV 15-13660-NMG, 2016 WL 3976580, at *5 (D. Mass. July 22, 2016) (a claim can be found plausible "given the nature" of the violation under the ADA and this can range from "an inaccessible steep ramp to improper signage")). Rivera's complaint alleges sufficient facts to state a Title II claim and therefore the DOE's motion to dismiss for failure to state a claim is **denied**.

**II.    Title III**

Rivera also alleges the DOE violated Title III of the ADA by discriminating against A.V.R. She alleges MFBS has "architectural barriers that impede [A.V.R.] from having full and equal access to [the] facility and services [MFBS] provides." Docket No. 20. The

Rivera-Quiñones v. Department of Education of Puerto Rico, Civil No. 16-2171(BJM) 6

DOE argues that Rivera fails to state a claim under this title because the DOE is not a private entity as defined by the ADA.

Title III of the ADA "prohibits discrimination on the basis of disability in public accommodations operated by private entities." *Sanchez v. ACAA*, 247 F. Supp. 2d 61, 67 (D.P.R. 2003). This claim has four elements: (1) that the plaintiff has a disability as defined under the ADA; (2) that the defendant's office is a private entity that owns, leases, or operates a place of public accommodation; (3) that the plaintiff requested a reasonable modification of defendant's policies or procedures to allow him access to the public accommodation; and (4) that the defendant failed to make reasonable modifications that would accommodate his disability without fundamentally altering the nature of the public accommodation. *Id.* Additionally, the third element under this claim requires that the defendant remove "any allegedly illegal barriers on [the] property [that] are "readily achievable" and "easily accomplishable and are able to be carried out without difficulty and expense." *Marradi*, 2016 WL 5024198, at *5

In this case, Rivera does not explain why the allegations in the complaint are adequate to state a claim under Title III. A Title III claim requires that the defendant be a *private entity* that operates a place of public accommodation. *See* 42 U.S.C. § 12182. Here, the DOE is a public entity as defined by the ADA and so the complaint does not allege sufficient facts to state a claim under Title III of the ADA. *See* 42 U.S.C. § 12131. Thus, DOE's motion to dismiss this claim is **granted**.

# I. Puerto Rico Civil Rights Act[2]

Rivera alleges that the DOE violated the Puerto Rico Civil Rights Act (the "Act") because A.V.R. suffered intentional disability discrimination at MFBS. She also argues that the complaint states a claim under this title, contending that MFBS satisfies the public accommodations definition of an "auditorium, assembly halls, [or another place] of public meeting." P.R. Laws Ann. tit 1, § 18. On the other hand, the DOE argues that Rivera failed to plead a cause of action under the Puerto Rico Civil Rights Act because MFBS does not fall under the Act's definition of a public place of accommodation. Docket No. 15.

The Puerto Rico Civil Rights Act states that no person with disabilities within the meaning of this Act "shall be denied any access, service, and equal treatment in public places and business . . . because of political, religion, race, color or sex issues, or any other reason not applicable to all person in general." P.R. Laws Ann. tit. 1, § 13. Additionally, the Act defines a place of "public accommodation" as:

> auditoriums, assembly halls, and other places of public meeting; barber shops, cafes, concert halls, pastry shops, department stores and all wholesale houses, stores, and factories where foodstuffs, medicines, beverages, provisions, merchandise, or services are sold or offered, advertised, or displayed for sale or distribution to the public; parks, stadiums and every other place of amusement and recreation; elevators, dining rooms, hotels, eating houses, inns, theatres, athletic fields, gymnasiums, places where sporting events or competitions are held, and any other place where merchandise, services, or amusements are offered to the public.

---

[2] The DOE also raised an Eleventh Amendment defense against the Puerto Rico Civil Rights Act claim. Based on the court's dismissal of the Puerto Rico Civil Rights Act claim, there is no need to address the DOE's Eleventh Amendment argument. *See Buchanan v. Maine*, 469 F.3d 158 (1st Cir. 2006) (constitutional avoidance doctrine counsels the avoidance of decisions on constitutional issues in advance of the necessity to decide them).

Rivera-Quiñones v. Department of Education of Puerto Rico, Civil No. 16-2171(BJM)     8

P.R. Laws Ann. tit. 1, § 18.

In *Padilla Roman v. Hernandez Perez*, 381 F. Supp. 2d 17 (D.P.R. 2005), the court rejected the argument Rivera presses here. In that case, plaintiffs alleged that they suffered political discrimination in the Public Service Commission. Plaintiffs then argued that they had a claim under the Puerto Rico Civil Rights Act because the Public Service Commission constituted a place for public accommodation and public business. *Padilla Roman*, 381 F. Supp. 2d at 31. The court held that places administered by public governmental agencies such as the Public Service Commission could not be categorized as a place of public accommodation or public business as defined by the Act. *See id*. The court added that Puerto Rico's jurisprudence has not extended the scope of a public accommodation or a public business. *Id*.

As in *Padilla Roman*, Rivera has alleged that MFBS is a place of public accommodation under the Act, and that the DOE is liable because it is the entity that manages it. But as in *Padilla Roman*, MFBS cannot be categorized as a place of public accommodation or business under the Puerto Rico Civil Rights Act because it is a public governmental agency. Therefore, the DOE's motion to dismiss Rivera's claim under the Act is **granted.**

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The following claims are **DISMISSED:** Title III of the ADA and Puerto Rico Civil Rights Act.

Rivera-Quiñones v. Department of Education of Puerto Rico, Civil No. 16-2171(BJM)  9

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of January, 2017.

                                              *S/ Bruce J. McGiverin*
                                              BRUCE J. MCGIVERIN
                                              United States Magistrate Judge